OPINION
{¶ 1} On November 6, 2000, the Richland County Treasurer's Office filed a tax foreclosure complaint against appellant, Nina Najjar, regarding property located in Mansfield, Ohio. Appellee, John Bechtel, filed a cross-claim for foreclosure as he possessed a first mortgage on the property.
 {¶ 2} The contested factual issues included the amount of the deficiency owed to appellee as the mortgage holder and the amount of delinquent taxes owed by appellant to the treasurer. Prior to the hearing set for June 25, 2001, appellant and appellee agreed to a resolution of the cross-claim pursuant to a judgment entry captioned "Agreed Judgment Entry of Foreclosure Between John Bechtel and Defendant Nina M. Najjar Trustee" filed August 29, 2001. This agreed judgment entry included an order of sale.
 {¶ 3} Pursuant to the terms of this agreed judgment entry, the amount of the deficiency and total debt owed was set at $42,500. Appellant was given until August 1, 2001 to pay this amount. If appellant so paid, the cross-claim would be dismissed without prejudice. If appellant did not pay by August 1, 2001, the property would be subject to an immediate foreclosure sale.
 {¶ 4} Appellant failed to pay by August 1, 2001. Pursuant to the terms of the agreed entry, the trial court ordered the property to be sold. On September 9, 2002, the sale was confirmed, with appellee being the successful bidder.
 {¶ 5} On September 16, 2202, appellant filed a motion to set aside the sale, claiming the property's appraisal for the sale was below the treasurer's tax valuation of the property and she had insufficient notice of the sale as she was only served by publication. By order filed October 28, 2002, the trial court denied said motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "THE TRIAL COURT ERRED IN ENTERING ITS JUDGMENT ENTRY CONFIRMATION OF SALE AND DISTRIBUTION AND DEFICIENCY JUDGMENT AND IN OVERRULING APPELLANT'S MOTION TO SET ASIDE SAME."
 I {¶ 8} Appellant claims the trial court erred in confirming the sale and denying her motion to set aside same. We agree.
 {¶ 9} Appellant based her motion to set aside the confirmation of sale on Civ.R. 60(B). A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} R.C. 2329.26 governs notice of time and place of execution against property and states as follows in pertinent part:
 {¶ 12} "(A) Lands and tenements taken in execution shall not be sold until both of the following occur:
 {¶ 13} "(1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:
 {¶ 14} "(i) Causes a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered;
 {¶ 15} "(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (D) of Civil Rule 5.
 {¶ 16} "(b) Service of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered.
 {¶ 17} "(2) The officer taking the lands and tenements gives public notice of the date, time, and place of the sale for at least thirty days before the day of sale by advertisement in a newspaper published in and of general circulation in the county. The court ordering the sale may designate in the order of sale the newspaper in which this public notice shall be published, and this public notice is subject to division (A) of section 2329.27 of the Revised Code."
 {¶ 18} Civ.R. 5(B) governs service, how made, and states as follows:
 {¶ 19} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the person to be served, transmitting it to the office of the person to be served by facsimile transmission, mailing it to the last known address of the person to be served or, if no address is known, leaving it with the clerk of the court. The served copy shall be accompanied by a completed copy of the proof of service required by division (D) of this rule. `Delivering a copy' within this rule means: handing it to the attorney or party; leaving it at the office of the person to be served with a clerk or other person in charge; if there is no one in charge, leaving it in a conspicuous place in the office; or, if the office is closed or the person to be served has no office, leaving it at the dwelling house or usual place of abode of the person to be served with some person of suitable age and discretion then residing in the dwelling house or usual place of abode. Service by mail is complete upon mailing. Service by facsimile transmission is complete upon transmission."
 {¶ 20} The agreed judgment entry of foreclosure at ¶ 4, filed August 29, 2001, states the following:
 {¶ 21} "That defendant Najjar agrees that her equity right of redemption in the property described in plaintiff's complaint shall terminate as of August 1, 2001. That defendant Najjar waives any and all claims, causes of actions, setoffs or other defenses to the foreclosure sale of said property that occurs after August 1, 2001. Defendant Najjar expressly waives any and all right to contest, delay and/or otherwise challenge the filing of this Judgment Entry on August 1, 2001."
 {¶ 22} The clear meaning of this agreed judgment entry waived appellant's right to contest the default or amount due, but did not waive her right to be notified of the appraisals and sale. Appellant was not "in default for failure to appear in the action in which the judgment giving rise to the execution was rendered." Appellant had filed an answer on December 11, 2000, and was represented by counsel. Appellant was entitled to notice of sale and appraisals pursuant to R.C. 2329.26 and Civ.R. 5. The record is devoid of any notice to appellant or her counsel regarding the sale even though their respective addresses were ascertainable via the file.
 {¶ 23} Pursuant to Civ.R. 60(B) and GTE, supra, appellant must not only present error in the proceeding, but also that she "has a meritorious defense or claim to present if relief is granted." This does not mean the trial court must find that appellant would win in her challenge to the appraisals, but that she has reason to believe the appraisals are inaccurate.
 {¶ 24} The appraisals made prior to sale determined the property's value to be $36,000.00 (March 7, 2002). Appellant challenged this value with a January 6, 1995 appraisal of $78,000.00 and the Richland County Auditor's valuation of $65,771.43. See, Exhibits A-1 and A-3, attached to Appellant's Affidavit and Motion to Set Aside Judgment Entry Confirmation of Sale and Distribution and Deficiency Judgment filed September 16, 2002. These averments are sufficient to rise to the level of a meritorious defense to the appraisals, and the Civ.R. 60(B) motion should have been granted for the limited purpose of challenging the appraisals and permitting the sale. The January 28, 2002 order of sale remains in effect.
 {¶ 25} The sole assignment of error is granted.
 {¶ 26} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed and remanded.
By Farmer, J.